**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD BETTIS, | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| KIRSTJEN M. NIELSEN, Secretary of | : | |
| U.S. Department of Homeland Security, | : | |
| | : | |
| Defendant, | : | Jury Trial Demanded |

## COMPLAINT

AND NOW, comes the Plaintiff, Richard Bettis, by and through his attorneys, Susan N. Williams, Esquire and Adam R. Gorzelsky, Esquire of Williams Law Offices, and files the herein Complaint, averring as follows:

## I. INTRODUCTION

1.      This case is brought pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act.") [29 U.S.C. § 701 et. seq.]. Specifically, Plaintiff alleges that the Defendant has discriminated against him because of a disability in violation of the Rehabilitation Act when its agency, the Transportation Security Administration ("TSA"), failed to hire Plaintiff because of his disability, because it regarded him as being disabled, and/or because he had a record of a disability.

## II. JURISDICTION AND VENUE

2.      This Court is permitted to maintain personal jurisdiction over the Defendant because its contacts with the Commonwealth and this judicial district are sufficient to meet the minimum requirements necessary to satisfy the notions of fair play and justice established by the United States Supreme Court in *International Shoe Company v. Washington*, 326 U.S. 310 (1945) and its progeny.

1

3.      The United States District Court for the Western District of Pennsylvania has federal question jurisdiction over this case because allegations alleged under the Rehabilitation Act arise under the laws of the United States and because the United States is a Defendant in this action.  28 U.S.C. § 1331.

4.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) as the Defendant resides within the district and a substantial part of the events and occurrences described herein took place within the district.

### III. PARTIES

5.      Plaintiff Richard Bettis, ("Mr. Bettis") is an adult individual with a current mailing address of 1516 Poplar Street, Greensburg, Westmoreland County, Commonwealth of Pennsylvania.

6.      Defendant Kirstjen M. Nielsen, is the Secretary of the U.S. Department of Homeland Security, with a business address at 245 Murray Lane SW, Washington D.C., 20528-0075. TSA is a Component of the Department of Homeland Security.

### IV. FACTUAL BACKGROUND

7.      Mr. Bettis was diagnosed with Diabetes 2 Mellitus, sleep apnea and Hypertension.

8.      These diagnoses resulted in his Medical Discharge from the Army in 2016.

9.      Mr. Bettis disagrees with the diagnoses, but nevertheless treated regularly through the Department of Veterans Affairs ("VA").

10.     Mr. Bettis successfully controls his Diabetes with diet and exercise, his Hypertension with medication, and his sleep apnea without the need for a C-PAP machine.

11.     Mr. Bettis applied for a position with TSA at the Arnold Palmer Regional Airport in Latrobe, PA, in or around September or October 2016.

12.     Mr. Bettis was interviewed for the position on or about December 7, 2016.

13.     He passed this interview and was required to undergo a medical examination by Comprehensive Health Services ("CHS").

14.     This examination occurred on or about December 10, 2016.

15.     Following this examination, Mr. Bettis was informed that CHS had requested that he undergo a stress test and a sleep study because of his diagnoses.

16.     Mr. Bettis attempted to schedule these tests at his VA Hospital, but his doctor informed him that the tests would not be performed because they were unnecessary.

17.     On or about January 26, 2017, Mr. Bettis was provided a "Schedule A" letter from his VA hospital in which it was stated that he had no medical restrictions and that he was capable of performing the duties of the position for which he applied.

18.     Mr. Bettis provided this "Schedule A" letter to TSA on or about January 31, 2017.

19.     On or about February 9, 2017, Mr. Bettis received a phone call from a TSA agent indicating that he had not passed the medical examination.

20.     On or about February 10, 2017, Mr. Bettis received an email confirming that he had failed the medical examination and thus would not be considered for the position.

21.     Mr. Bettis contacted an EEO Counselor on or about February 9, 2017 and conducted an initial interview with the counselor on or about February 13, 2017.

22.     Mr. Bettis filed a Formal Complaint of Discrimination on or about March 16, 2017.

23.     TSA accepted the Complaint for investigation or about May 19, 2017.

24.     Accordingly, it has been more than one (1) year since the Formal Complaint had been filed.

25.    A Final Agency Decision has not been rendered and no appeal has been taken.

### V. COUNT 1:
### DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT – DISABILITY AND RECORD OF DISABILITY

26.    The averments of paragraphs 5 through 25 are incorporated by reference as if more fully set forth herein.

27.    Mr. Bettis was diagnosed with and had a record of a number of impairments that meet the definition of a disability pursuant to the Rehabilitation Act.

28.    Mr. Bettis could perform the essential functions of the position that he sought.

29.    Mr. Bettis' VA physician confirmed this ability in writing.

30.    Nevertheless, Mr. Bettis was denied the position that he sought because of his diagnosed impairments and the records thereof.

31.    This discriminatory failure to hire caused Mr. Bettis to suffer from emotional distress.

WHEREFORE, Mr. Bettis requests relief as is appropriate under 42 U.S.C. § 794a, including but not limited to back pay, front pay, compensatory damages, pre- and post-judgment interest, reasonable attorney's fees, and reasonable costs.

### VI. COUNT 2:
### DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT – REGARDED AS DISABLED

32.    The averments of paragraphs 5 through 31 are incorporated by reference as if more fully set forth herein.

33.    To the extent that Mr. Bettis does not actually suffer from a disability as defined by the Rehabilitation Act, the Defendant regarded Mr. Bettis as disabled.

34.     The Defendant discriminated against Mr. Bettis in its hiring decision as a result of regarding him as disabled.

35.     This discriminatory failure to hire caused Mr. Bettis to suffer from emotional distress.

WHEREFORE, Mr. Bettis requests relief as is appropriate under 42 U.S.C. § 794a, including but not limited to back pay, front pay, compensatory damages, pre- and post-judgment interest, reasonable attorney's fees, and reasonable costs.

Respectfully Submitted,


s/ Susan N. Williams, Esq.
Susan N. Williams, Esquire
Pa. I.D. 40077
s/Adam R. Gorzelsky, Esq.
Adam R. Gorzelsky, Esquire
Pa I.D. 309094
Williams Law Offices
101 North Main St. Suite 106
Greensburg PA 15601
(724) 838-8110
(724) 838-8115 (fax)